IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HELLS CANYON PRESERVATION )
COUNCIL, an Oregon nonprofit ) No. 02-291-HU
corporation; THE WILDERNESS )
SOCIETY, a national nonprofit )
corporation, )
 )
              Plaintiffs, )
 )
   v. )
 ) OPINION AND ORDER
UNITED STATES FOREST )
SERVICE, an agency of the )
United States Department of )
Agriculture, )
 )
             Defendant. )
_____)

Jennifer Schemm
602 "O" Avenue
La Grande, Oregon 97850
Brett Brownscombe
Hells Canyon Preservation Council
P.O. Box 2768
La Grande, Oregon 97850
    Attorneys for plaintiffs

Karin J. Immergut
United States Attorney
District of Oregon
Jeffrey K. Handy
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

1 - OPINION AND ORDER

Val J. McLam Black
Special Assistant United States Attorney
Office of General Counsel
United States Department of Agriculture
1220 S.W. Third Avenue, Room 1734
Portland, Oregon 97204
    Attorneys for defendant

KING, Judge:

The matter before the court is plaintiffs' motion under Rule 15(d) of the Federal Rules of Civil Procedure to supplement their Second Amended Complaint, adding claims challenging the defendant's Record of Decision (ROD) approving a new Comprehensive Management Plan (CMP) for the Hells Canyon National Recreation Area (HCNRA).

Plaintiffs brought this action against defendant United States Forest Service (USFS) on March 8, 2002, challenging its management of the Kirkwood Road within the HCNRA, and asserting seven claims for relief. Plaintiffs filed an Amended Complaint on March 21, 2002, and a Second Amended Complaint on April 22, 2002.

The first claim for relief asserted in the Second Amended Complaint was for violation of the Hells Canyon National Recreation Area Act (HCNRA Act), 16 U.S.C. § 460gg-4, alleging that the USFS violated the HCNRA Act by reconstructing the Kirkwood Road to make it easily accessible to motorized vehicles. Plaintiffs asserted that such motorized use was not compatible with the preservation of the Hells Canyon rare and endemic plant species and the rare combinations of diverse ecosystems.

The second claim for relief was also for violation of the HCNRA Act, alleging that the USFS's reconstruction of the Kirkwood Road was incompatible with the HCNRA Act's mandate to preserve or

2 - OPINION AND ORDER

restore the Hells Canyon Archaeological District, including the Kirkwood Bar Complex and the Kirkwood Historic Ranch.

The third claim for relief was asserted under the National Environmental Policy Act (NEPA), alleging that the USFS had violated NEPA in reconstructing the Kirkwood Road and reopening it to all-terrain vehicle (ATV) use without analyzing the impact of this decision through an Environmental Impact Statement (EIS) or an Environmental Assessment (EA).

The fourth claim, also brought under NEPA, alleged that the USFS failed properly to analyze its actions of reconstructing the Kirkwood Road and reopening it to motorized use.

The fifth claim asserted that the USFS decision to reconstruct the Kirkwood Road violated the 1982 CMP.

The sixth claim asserted that the USFS had failed to emphasize biological controls, as required by the Wallowa-Whitman Land and Resource Management Plan (Forest Plan), when controlling noxious weeds on the Kirkwood Road.

The seventh claim alleged that the USFS violated its own regulation, 36 C.F.R. § 292.44, prohibiting the use of motorized equipment on wild and scenic river segments, when it made the decision to allow reconstruction of the Kirkwood Road.

The eighth claim asserted that the USFS violated the National Historic Preservation Act by failing to consider the effects of the Kirkwood Road reconstruction on historic values.

The ninth claim asserted that the USFS violated the HCNRA Act by failing to close the Kirkwood Road to motorized vehicles because

3 - OPINION AND ORDER

such use was incompatible with the preservation of rare and endemic plant species and rare combinations of ecosystems.

The tenth claim also challenged the USFS's decision to allow motorized access to the Kirkwood Road under the HCNRA Act, alleging that the decision violated its mandate to preserve and restore historic sites associated with the Kirkwood area.

The eleventh claim asserted that the USFS violated the 1982 CMP by failing to close the Kirkwood Road to motorized vehicles when such use could cause resource damage.

The parties filed cross-motions for summary judgment on all claims. Claims eight and ten were dismissed after being withdrawn by plaintiffs. On November 21, 2003, the court awarded plaintiffs summary judgment on claims one, two, three, four, five and six, and awarded USFS summary judgment on claim seven. On April 8, 2004, the court awarded plaintiffs summary judgment on claim nine. On January 12, 2005, the court granted USFS's motion for reconsideration based on the United States Supreme Court's decision in Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55 (2004), and concluded that claims six, nine and eleven were barred on jurisdictional grounds. Accordingly, the court awarded USFS summary judgment on claims six, nine and eleven. The court then prepared to move to the remedies phase of the litigation.

Meanwhile, on July 21, 2003, the Final Environmental Impact Statement (FEIS) and ROD for the 2003 CMP was signed. The 2003 CMP supersedes the 1982 CMP. Plaintiffs now seek to supplement the
///

4 - OPINION AND ORDER

Second Amended Complaint with additional factual allegations and three new claims.

The allegations are that 1) the new CMP authorizes unrestricted motorized use of the Kirkwood Road, except for the lowest 100 feet where such use is prohibited during a three-month anadromous fish spawning window; 2) during the remaining nine months of the year, motorized vehicles remain authorized to drive the Kirkwood Road from the rim of Hells Canyon down its approximately six miles to its terminus at the Kirkwood Ranch, including three crossings of Kirkwood Creek; 3) the ROD and FEIS eliminate provisions from the 1982 CMP requiring the USFS to close the Kirkwood Road seasonally to motorized use when resource damage would otherwise occur; and 4) plaintiffs and other entities administratively appealed the ROD for the new CMP in a timely manner, but the USFS denied the appeals on May 26, 2004.

The additional claims are as follows. The twelfth claim is for violation of the HCNRA Act, alleging that the ROD management direction for Kirkwood Road, authorizing the use of motorized vehicles, and allowing future construction of a bridge and associated structures for motorized vehicles, as well as its elimination of 1982 CMP provisions requiring road closure to motorized vehicles when resource damage is occurring, violates the HCNRA Act's mandate to manage the area in a manner compatible with the preservation of rare and endemic plant species and rare combinations of outstanding and diverse ecosystems.

///

5 - OPINION AND ORDER

The thirteenth claim is also asserted under the HCNRA Act, and alleges that the ROD management direction for Kirkwood Road fails to comply with the HCNRA Act's mandate to manage the area in a manner compatible with the preservation and restoration of historic sites, because historically, ATV recreational use within the area has not occurred.

The fourteenth claim is asserted under NEPA, and alleges that the EIS prepared by the USFS to accompany the ROD for the new CMP fails to show that the USFS took the requisite hard look at the environmental impacts of its decision to approve unrestricted motorized recreation along the upper part of the Kirkwood Road.

**Standards**

Rule 15(d) provides:

> **Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

Rule 15(d) is a tool of judicial economy and convenience, and its use is therefore favored; it is liberally construed absent a showing of prejudice to the defendant. Keith v. Volpe, 858 F.2d 467, 473, 475 (9th Cir. 1988); see also LaSalvia v. United Dairymen of Arizona, 804 F.2d 1113, 1119 (9th Cir. 1986)(purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible). Rule 15(d) permits the bringing

6 - OPINION AND ORDER

of new claims, the joinder of new parties, and the allegation of transactions, occurrences and events which occur after the action has begun, to promote the economical and speedy disposition of the controversy. Griffin v. County School Board, 377 U.S. 218, 226-27 (1964); Keith, 858 F.2d at 473. The court has broad discretion in deciding whether to allow the filing of supplemental pleadings. Matter of Wade, 969 F.2d 241, 250 (9th Cir. 1992).

**Discussion**

Plaintiffs contend that supplementation will allow the court to adjudicate completely the legality of the USFS's management of the Kirkwood Road in a single legal action. They argue that this issue has consistently formed the basis of the litigation, and that they should be given the opportunity, before the remedy phase of the case begins, to assert jurisdictionally sound challenges to the USFS management of the Kirkwood Road. Plaintiffs argue further that supplementation will further the goals of Rule 15(d), judicial economy, because the court is already familiar with the facts and law underlying this controversy, and many of the facts and legal arguments that are relevant to the supplemented claims have already been developed and briefed. They point out that if they were required to file a separate action, the result would be additional cost and delay to the parties and waste of judicial resources, since a different judge would have to familiarize himself or herself with the underlying facts and legal arguments of the new action unless the two cases were consolidated.

///

7 - OPINION AND ORDER

The USFS disputes plaintiffs' argument that the supplemental claims and allegations constitute a continuation of this litigation, and that a challenge to the 2003 CMP is unrelated to the originally challenged agency action, which was the toilet replacement project and reconstruction of Kirkwood Road. The USFS points out that the USFS's management of the Kirkwood Road over time is not a final agency action; rather, the toilet replacement and road reconstruction in 2000 was one agency action, and the FEIS and ROD for the 2003 CMP was another. The USFS argues that Rule 15(d) cannot be used to introduce a "separate, distinct, and new cause of action," relying on Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).

Upon consideration of these arguments, I conclude that the motion should be denied. Although the fact that the supplemental pleading states a new cause of action is not a bar to its allowance, it is nonetheless a factor to be considered by the court in the exercise of its discretion. Keith, 858 F.2d at 474. The proposed supplemental complaint asserts new claims which challenge a different agency action-- the promulgation of a new CMP-- with a different administrative record. I am not persuaded that my familiarity with the underlying facts, statutes and legal precedent of this case is necessarily transferable to the claims asserted in the supplemental complaint, such that allowing the plaintiffs to supplement will promote judicial efficiency.

Plaintiffs' motion to supplement the Second Amended Complaint (doc. # 191) is DENIED.

8 - OPINION AND ORDER

IT IS SO ORDERED.

Dated this  26th  day of  April , 2005.

/s/ Garr M. King

Garr M. King
United States District Judge

9 - OPINION AND ORDER